THE STATE OF KANSAS v. DAVID WILLIAMSON.
No. 10910.

1. GAMBLING ACT OF 1895—*information under, for maintaining gambling house to which persons "permitted and accustomed to resort"—"permitted," surplusage.* In a prosecution under chapter 151 of the Laws of 1895, for maintaining a gambling house to which persons were accustomed to resort for the purpose of gambling, it was alleged in the information that persons were "*permitted* and accustomed to resort," etc. *Held,* that the use of the superfluous word "permitted" did not add a new ingredient to the offense or prejudice the defendant, as the charge of maintaining a gambling house to which persons are accustomed to resort implies the permission of the defendant.

2. ——— *testimony held sufficient to sustain conviction under.* The testimony examined, and held to be sufficient to sustain the verdict and judgment.

Error from Crawford District Court. Hon. Walter L. Simons, Judge. Opinion filed November 6, 1897. *Affirmed.*

*T. J. Widby,* for the State.

*O. T. Boaz,* for appellant.

JOHNSTON, J. David Williamson was convicted of a violation of section 1 of chapter 151 of the Laws of 1895, which provides that "every person who shall

. . . keep a house, room, or place to which persons are accustomed to resort for the purpose of gambling, shall on conviction be adjudged guilty of a felony and punished by imprisonment at hard labor for a term not less than one year nor more than five years." The punishment adjudged was confiement at hard labor in the Penitentiary for the period of one year. The defendant challenged the sufficiency of the information, by a motion to quash. The charging part of the information was as follows :

"That in Crawford County, Kansas, on the twenty-third day of December, 1896, one David Williamson, the above-named defendant, then and there being, did then and there unlawfully and feloniously keep and maintain a certain house in the city of Cherokee, in the aforesaid county and State, to which divers persons, whose names to your informant are unknown, were permitted and accustomed to resort for the purpose of gambling, by playing certain games of chance therein, for chips and money, to wit : the game commonly called stud-horse poker, played with common playing cards, the game commonly called craps, played with dice, and the ordinary game of dice-shaking," etc.

Two objections to the information are made : One, that the chips were not alleged to have any value. Assuming that the chips referred to had no presumptive value, the averment is still sufficient, as it charges that the games of chance were played for money, as well as chips. Another objection is the use of the word "permitted" in the information, where it is charged that "persons were permitted and accustomed to resort for the purpose of gambling," etc. It is argued that no such word is mentioned or contemplated by the statute, and that its averment brings an additional ingredient into the offense. The word is certainly superfluous, but we think it adds nothing to the charge, as the maintaining of a gambling house

to which persons are accustomed to resort implies the permission of the defendant, and therefore no prejudice could have resulted to the defendant from the use of the additional word.

There is a further claim that the testimony is insufficient to sustain the verdict, and, particularly, that it does not show that games were played in the defendant's house for money, or other thing of value described in the information. One witness testified that he saw poker played there in which chips were used, but he did not notice any money, or observe anything which indicated that the chips represented money. Another witness said that he saw persons playing games for beer. It is unnecessary, however, to rely on the testimony of either of the witnesses mentioned. The record contains the testimony of two others which sufficiently shows that games were played for money by persons who resorted to the defendant's place for that purpose. One of them tells of a number of boys who were engaged in throwing dice for nickels — five-cent pieces — in the defendant's house, and in his presence. Another witness says he saw several games of crap-shooting there, in which money was put down, and when the dice were thrown the money was picked up by the players. A reading of the entire testimony can leave little doubt that the defendant was maintaining a gambling house to which many were accustomed to resort for the purpose of gambling. Although some of the testimony is indefinite and not as complete in some respects as might be desired, yet, under the well-known rule in appellate courts, it must be held to be sufficient to sustain the verdict.

The objections made to the instructions given to the jury are not substantial and afford no ground for reversal.

Judgment affirmed.